UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**CURTIS W. HART**,

Plaintiff,

v.

**DANIEL J. AHERN**, as Judge of the
Jefferson County Circuit Court,

Defendant.

Civil Case No. 3:11-CV-00931-KI

OPINION AND ORDER

    Steven E. Benson
    P. O. Box 15036
    Portland, Oregon  97293-5036

        Attorney for Plaintiff

    John R. Kroger
    Attorney General

Page 1 - OPINION AND ORDER

Marc Abrams
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

    Attorneys for Defendant

KING, Judge:

Plaintiff Curtis W. Hart brings a civil rights action against Daniel J. Ahern, a Judge of the Jefferson County Circuit Court. Before me is the Judge Ahern's Motion to Dismiss or for Summary Judgment [4]. For the reasons stated below, I grant the motion and dismiss Hart's complaint.

## BACKGROUND

Hart alleges he received a ticket for traffic violations and was directed to appear on July 8, 2009 in the Jefferson County Courthouse. The day before his scheduled appearance, he arrived at the courthouse and attempted to file a document challenging the court's jurisdiction and the legality of its existence. The clerk directed Hart to file the document by mail, moved his appearance date to July 15, and indicated that Hart would be sent a new notice with the date of trial. The July 15th appearance was cancelled by the court and no new date was set. On August 5, Judge Ahern treated the mailing as a "not guilty" plea, relied on an affidavit submitted by the police officer, found Hart "guilty" of the charges, and entered a money judgment against him in the amount of $726. Hart was not notified of any hearing, trial or proceeding. On September 5, 2009, the court notified the Oregon Dept of Motor Vehicles of the unpaid money judgment, resulting in the indefinite suspension of Hart's driver's license. Hart learned about the judgment

when he returned to the court in December 2009 to ask about a ruling on his motion and claims not to have received the mailed judgment. Alleging a violation of his due process rights, Hart seeks a declaration that the judgment is "illegal, unconstitutional, null and voice" and asks that the defendant "be enjoined from enforcing the judgment made and entered" against him on August 5, 2009.

## LEGAL STANDARDS

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction. The party asserting jurisdiction bears the burden of proving that the court has subject matter jurisdiction over his claims. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

## DISCUSSION

Defendant argues that Hart's lawsuit is barred by the *Rooker-Feldman* doctrine and, alternatively, absolute judicial immunity. Since application of the *Rooker-Feldman* doctrine is dispositive, I need not address defendant's alternative argument.

The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction where a party seeks reversal of a state court judgment. As explained by the Ninth Circuit, "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." Noel v. Hall, 341 F.3d 1148, 1163-64 (9th Cir. 2003). A federal district court lacks subject matter jurisdiction to hear such a matter. Id.

Hart is expressly seeking a declaration that the defendant's judgment is "illegal, unconstitutional, null and void," and asks that the defendant "be enjoined from enforcing the

Page 3 - OPINION AND ORDER

judgment made and entered" against him on August 5, 2009.  Hart complains that a trial was never set, that notice was never given to him, that he never signed an affidavit waiving trial, and that he never received a copy of the judgment.  A federal district court has no jurisdiction to resolve these allegations, which represent the classic "de facto appeal."  See also <u>Allah v. Superior Court of the State of Cal.</u>, 871 F.2d 887, 891 (9th Cir. 1989) ("To the extent that Allah requested the district court to conduct a direct review of the state court's judgment and to scrutinize the state court's application of various rules and procedures pertaining to his case, the district court lacked subject matter jurisdiction over his complaint.").

       The only response Hart gives is that he had no opportunity to raise his due process concerns because defendant, at the trial level, denied him the opportunity to be heard, and failed to notify him of the judgment in time for him to appeal to the Oregon Court of Appeals.

       The Ninth Circuit has underscored the fact that *Rooker-Feldman* "applies even when the challenge to the state court decision involves federal constitutional issues," such as due process rights.  <u>Worldwide Church of God v. McNair</u>, 805 F.2d 888, 891 (9th Cir. 1986).  Furthermore, the Supreme Court has warned that "a petitioner's failure to raise his constitutional claims in state court does not mean that a United States district court should have jurisdiction over the claims."  <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 482  n.16 (1983).  Finally, the Ninth Circuit has applied the doctrine even in the context of a challenge to a state court's default judgment, involving the same concerns about adequate opportunity to raise constitutional issues.  <u>Mothershed v. Justices of Supreme Court</u>, 410 F.3d 602, 607-08 (9th Cir. 2005) (plaintiff alleged due process violations when he did not receive a summons for disbarment proceeding in Arizona); <u>Abbott v. Okoye</u>, 364 F. App'x 327 (9th Cir. 2010).  Hart

Page 4 - OPINION AND ORDER

cannot repackage his claims to obtain a de facto appeal of the state court judgment here in federal court.

Based on the foregoing, this court lacks subject matter jurisdiction to decide the issues Hart raises.

## CONCLUSION

The defendant's Motion to Dismiss [4] is granted.

Dated this _____14th_____ day of February, 2012.

        /s/ Garr M. King
        Garr M. King
        United States District Judge