UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**CURTIS W. HART**,                                    Civil Case No. 3:11-CV-00931-KI

            Plaintiff,

                                    OPINION AND ORDER

                v.

**DANIEL J. AHERN**, as Judge of the
Jefferson County Circuit Court,

            Defendant.


       Steven E. Benson
       P. O. Box 15036
       Portland, Oregon  97293-5036

            Attorney for Plaintiff

John R. Kroger
Attorney General
Marc Abrams
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon  97301-4096

      Attorneys for Defendant

KING, Judge:

This case arises out of alleged improper treatment of a traffic ticket by a state court judge,

defendant Daniel J. Ahern.  On February 14, 2012, I entered a judgment dismissing plaintiff

Curtis Hart's complaint with prejudice for lack of subject matter jurisdiction.  A detailed factual

and procedural history of this case has been set forth in the related Opinion and Order and will

not be repeated here.  Before the court is defendant's Bill of Costs and Disbursements [23].

## DISCUSSION

Defendant seeks a total of $5,988.57 in fees and costs.  Of this amount, $5,785.20 is for

attorney and paralegal hours, $183.37 is for expenses related to computer legal research, and $20

is for docket fees under 28 U.S.C. § 1923.

42 U.S.C. § 1988 provides in pertinent part, "In any action or proceeding to enforce a

provision of section[] . . . 1983 . . ., the court, in its discretion, may allow the prevailing party, . . .

a reasonable attorney's fee as part of the costs . . . ."  42 U.S.C. § 1988(b).  However, a court

does not award attorney fees to a prevailing defendant as a matter of course.  A prevailing

defendant must show "plaintiff's action was frivolous, unreasonable or without foundation, even

though not brought in subjective bad faith."  Christiansburg Garment Co. v Equal Empl. Opp.

Comm'n., 434 U.S. 412, 421 (1978); see also Fox v. Vice, 131 S. Ct. 2205, 2213 (2011) (quoting

Page 2 - OPINION AND ORDER

Christiansburg).  Attorney fees in civil rights cases should only be awarded to a defendant "in exceptional circumstances."  Harris v. Maricopa Cnty. Superior Court, 631 F.3d 963, 971 (9th Cir. 2011) (quotation and citation omitted).

After considering defendant's motion at length, I have decided to exercise my discretion in this instance and grant defendant's request for attorney fees and costs.  In the February Opinion and Order, I found the court lacked subject matter jurisdiction over Hart's claims on the basis of the *Rooker-Feldman* doctrine and I dismissed the complaint with prejudice.  This factor alone might not persuade me to charge Hart with defendant's attorney fees and costs.  However, Hart has filed ten other cases in this district, at least five of which challenged state court actions, and all of which have been dismissed.  See No. 3:01-cv-1117 (defendant Myer Avedovech, a state court judge); No. 3:01-cv-1409 (defendant James Ellis, a state court judge); No. 3:02-cv-144 (defendant United States, but seeking to stay judicial proceedings in state court); No. 3:02-cv-314 (attempt to "remove" litigation filed in state court, naming State of Oregon as a plaintiff, and seeking a stay of judicial proceedings); No. 3:02-cv-1040 (defendant Roosevelt Robinson, a state court judge).  Many of the dismissal orders referenced either the *Rooker-Feldman* doctrine or judicial immunity as the basis for the dismissal–the very same arguments defendant made here.  See No. 3:01-cv-1117 (*Rooker-Feldman* doctrine and judicial immunity); No. 3:01-cv-1409 (judicial immunity); No. 3:02-cv-144 (*Rooker-Feldman* doctrine); No. 3:02-cv-314 (*Rooker-Feldman* doctrine); No. 3:02-cv-1040 (judicial immunity).

The court has also issued a pre-filing order against Hart, which was triggered by a filing Hart made challenging another state court action and seeking recusal of Judge Haggerty for two of the rulings referenced above.  The pre-filing order directed that new cases filed by Hart "shall

be reviewed by this court and ordered filed only if such filings are deemed not frivolous or repetitive." See In re Curtis Hart, No. 3:03-mc-17 (D. Or. Jan. 16, 2003) (Miscellaneous Civil Order). Two subsequently filed cases were dismissed on the basis of the pre-filing order. No. 3:04-cv-1431 (dismissed action challenging failure to place Hart on ballot as candidate for Jefferson County judge); No. 3:05-cv-33 (dismissed complaint against City of Portland alleging "arbitrary custody" and deprivation of property). Finally, Hart's 1998 case against the governor, the state Attorney General, Oregon's Secretary of State, and President Clinton failed to state a claim, No. 3:98-cv-1347, and Hart's claims against the Portland mayor, a sewer excavation company, and the City of Portland in 2000 were dismissed for lack of standing, No. 3:00-cv-546. Hart has never been ordered to pay costs or attorney fees.

Based on Hart's previous litigation challenging state court actions and his experience suing judges, Hart should have known that he would not prevail in this case in federal court. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007) (action is "frivolous when the result appears obvious or the arguments are wholly without merit"). Consequently, I award $183.37 for computer research fees and $5,785.20 for attorney fees. I also award $20 in docket fees pursuant to 28 U.S.C. § 1923(a) as costs for a "final hearing" in a civil case. See Berryman v. Epp, 884 F. Supp. 242, 245-46 (E.D. Mich. 1995) ("final hearing" includes granting summary judgment).

///

///

///

Page 4 - OPINION AND ORDER

## CONCLUSION

Defendants' Bill of Costs and Disbursements [23] is granted as set forth above in the

amount of $5,988.57.


Dated this _____15th_____ day of March, 2012.




    _/s/ Garr M. King_____
Garr M. King
United States District Judge